SHANKS (KLEINE v.). See Case No. 7,870.

## Case No. 12,704.

### SHANKWIKER v. READING.

[4 McLean, 240.][1]

Circuit Court, D. Michigan. June, 1847.

DEPOSITION—CUSTODY—REJECTION.

1. The law requires the deposition taken under the act of congress [4 Stat. 197], to be retained by the officer, until he deliver the same into court, or shall, together with a certificate of the reasons for taking it, etc., be by him sealed and directed to the court.

[Cited in U. S. v. Tilden, Case No. 16,520.]

2. The law did not intend that either party should have possession of the deposition, until it shall be published by the special or general order of the court. A deposition not so put up and directed, will be rejected.

[This was an action by H. Shankwiker against A. Reading. Heard on objection to a deposition.]

Bates & Watson, for plaintiff.
Mr. Romeyn, for defendant.

OPINION OF THE COURT. On the trial of this case, a deposition was offered in evidence, which was taken in New York, May 29th, 1847. It was mailed at Waterloo, in that state, June the 4th, and received from the post office here, the 7th of June. The county judge certified that the deposition was reduced to writing by the deponent, in his presence, but did not state that it was retained by him until it was sealed and directed to the clerk of the circuit court. It was so directed, but by whom is not stated. The name of the case in which the deposition was taken was indorsed on the envelope. For the want of this certificate, the deposition was objected to. The act of congress provides that the depositions so taken shall be retained by such magistrate, until he deliver the same with his own hand, into the court, for which they were taken, or shall, together with a certificate of the reasons as aforesaid, of their being taken, and of the notice, if any,

given to the adverse party, be by him, the said magistrate, sealed up and directed to such court, and remain under his seal, until opened in court. This act of congress, under which depositions are generally taken, without notice, has always received a strict construction. In Beal v. Thompson. 8 Cranch [12 U. S.] 70, it was held to be a fatal objection to a deposition taken under the judiciary act of 1789 [1 Stat. 73] that it was opened out of court. And in the case of U. S. v. Smith [Case No. 16,332], it was decided where the certificate of a magistrate, taking a deposition, stated it to have been written in his presence, without saying by whom, and it appeared that the substance of it had been reduced to writing by the deponent, ten days before, at a different place, when the magistrate was not present, that such deposition was not admissible in evidence. The deposition objected to, may have been handed to the party, at whose instance it was taken, who forwarded it by mail to the clerk of the court. The law did not intend that either party should have possession of the deposition, until it should be received by the clerk, and opened by the general or special order of the court. The deposition is rejected.