## Case No. 12,042.

### The ROSCIUS.

[1 Brown's Adm. 442.] [1]

District Court, E. D. Michigan. Feb. Term, 1873.

DEPOSITIONS—OPENING OUT OF COURT.

1. Depositions opened out of court and without the consent of the opposite party cannot be read in evidence.

2. Such consent to publication out of court should be in writing.

Motion on the part of claimant to open the decree, and for a new trial, on the ground that certain depositions on behalf of claimant, which arrived after the hearing and decree, showed a complete defense, and that the same were not received in time to be used on the hearing, on account of unavoidable delays. The motion was opposed on behalf of libellants on the ground that the depositions were not entitled to be read in evidence, and that, therefore, a new trial would avail the claimant nothing. The following objections to the depositions were specified: (1) That the requisite notice of taking the depositions was not given. (2) That the depositions were opened out of court. (3) That the certificate of the officer does not state that the depositions remained in his possession until they were sent to the clerk of the court.

J. W. Finney and H. B. Brown, for libellants, as to the question of notice, cited the act of congress of May 9, 1872 [17 Stat. 89], entitled "An act to perpetuate testimony in the courts of the United States," by which the rule as to notice prescribed by section 30 of the act of 1789 (1 Stat. 88) was changed so as to require notice in all cases, and that the same be given by the party or his attorney, instead of the officer, as provided in certain cases by the

last-named act, and as was done in this case. And as to the opening of the depositions out of court, they cited the provision of the said section 30 of the act of 1789, requiring that depositions shall remain under the seal of the officer taking the same, "until opened in court," and also the decision of the supreme court, in the case of Beale v. Thompson, 8 Cranch [12 U. S.] 70. And as to the sufficiency of the certificate, they cited 2 Pars. Shipp. & Adm. 445, note 3, and Shankwiker v. Reading [Case No. 12,704].

W. A. Moore, for respondent, contended that the notice, although signed by the officer, was actually served by the attorney, and that the same was therefore, in fact, given by the attorney, to all intents and purposes, within the meaning of the act of 1872. And in reply to the objection that the depositions were opened out of court, he produced an indorsement, signed by the clerk of this court, upon the envelope, as follows: "Received from P. O., Detroit, this 18th day of February, 1873, and opened by consent and filed." And as to the alleged insufficiency of the certificate, he contended that there was nothing in the act requiring that the certificate should state that the officer retained the depositions in his possession, etc., and that, until the contrary is shown, the officer must be presumed to have done his duty in that regard.

LONGYEAR, District Judge. Being of opinion that the second objection (that the depositions were opened out of court) is well taken, it is unnecessary to consider the other two, and no opinion will be given as to them. The requirement of the act that depositions shall remain, etc., "until opened in court," may, no doubt, be waived by a consent to their being opened out of court. But, in my opinion, such consent should in all cases be evidenced by writing duly signed, and filed or indorsed upon the depositions—which does not appear to have been done in this case. On the contrary, it transpired at the hearing that no consent whatever, verbal or otherwise, was in fact given, so far as libellants were concerned, the indorsement by the clerk to that effect having been prematurely made, under the expectation or mistaken supposition that such consent would be, or had been given. This very case well illustrates the policy and necessity of the rule above suggested, that such consent should always be in writing, and on file, before depositions are allowed by the clerk to be opened out of court. The bare question, then, is presented as to the effect of the unauthorized opening of depositions out of court, upon their admissibility in evidence. This question, in view of the peremptory character of the statutory requirement, scarcely admits of discussion or doubt. Whether it does or not, however, is not an open question for this court, the supreme court, in the case cited by libellants' counsel (Beale v. Thompson, 8 Cranch [12 U. S.] 70), having decided, in a

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

case almost exactly like the present, that depositions which have been thus opened are not admissible. That decision is decisive of the present case, and leaves nothing further to be said. The depositions not being admissible in evidence, there is no ground for a new trial. Motion denied.