## Case No. 16,520.

UNITED STATES v. TILDEN.

[10 Ben. 170.] [1]

District Court, S. D. New York. Nov., 1878.

PRACTICE— CONSTRUCTION OF STATUTE — DEPOSITIONS DE BENE ESSE— OPENING BEFORE TRIAL.

1. Depositions de bene esse taken pursuant to Rev. St. U. S. § 863, may be opened before the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

trial by order of the court upon motion of one party to the suit and against the objection of the other party.

2. In the construction of the Revised Statutes of the United States the presumption is against an intention to change the meaning of a statute re-enacted therein. And no change of meaning will be imputed to a change of phraseology, unless the language used indicates an intended departure from the re-enacted statute.

3. Rev. St. U. S. § 865, is to be construed as a re-enactment of part of section 30, Act Sept. 24, 1789 [1 Stat. 88], and is not to be construed as changing the construction of that section in respect to the time when depositions de bene esse may be opened.

[Suit by the United States against Samuel J. Tilden to recover income taxes. See Case No. 16,522.]

Mr. Woodford, U. S. Dist. Atty., and Mr. Sherman, Asst. U. S. Dist. Atty.

T. Harland, A. J. Vanderpoel, and J. K. Porter, for defendant.

CHOATE, District Judge. This is a motion on the part of the plaintiffs to have certain depositions which have been taken in the cause under section 863 of the Revised Statutes opened and filed. The learned counsel for the defendant object on the ground that under section 865 such depositions can only be opened at the trial, unless by consent. Section 865 is as follows: "Every deposition taken under the two preceding sections shall be retained by the magistrate taking it, until he delivers it with his own hand into the court for which it was taken; or it shall together with a certificate of the reasons as aforesaid of taking it and of the notice, if any, given to the adverse party, be by him sealed up and directed to such court, and remain under his seal until opened in court. But unless it appears to the satisfaction of the court that the witness is then dead or gone out of the United States, or to a greater distance than one hundred miles from the place where the court is sitting, or that by reason of age, sickness, bodily infirmity or imprisonment, he is unable to travel and appear in court, such deposition shall not be used in the cause." The argument for the defendant is that the word "then" refers for its antecedent to the words "in court" and that the context clearly shows that "then" means at the time of the trial, and therefore that the words "in court" necessarily import "in court upon the trial." It is also argued, from the fact that, where the deposition is returned personally by the magistrate to the court, no certificate as to the reasons for taking it is required, that this is because the magistrate is in such case within the contemplation of the statute present in court and may testify as to those reasons; that this indicates that such personal delivery is to be upon the trial only, and not before the trial. Hence an argument is drawn from this provision in aid of the construction contended for as to the other clause now particularly in question; that the entire provisions of the section indicate a policy that depositions de bene esse, which are the depositions to which the section relates, are not intended to be published or opened, unless by consent, until the trial. And it is further urged, in support of this theory of the statute, that reasons of public policy and a regard to the rights and interests of the parties may well have required such protection against publicity; that under the original statute of 1789, which is in substance here re-enacted, such depositions could in some cases be taken without notice and in the absence of the opposite party; that in regard to all such depositions there was no discretion on the part of the magistrate to reject any testimony offered, and that therefore the taking of such depositions before the trial might be made the occasion for introducing irrelevant and scandalous matter, the publication of which, before the trial, may be greatly injurious to the reputation or good name of the party against whom it is taken, or may even tend to create such a prejudice against him as to prevent a fair trial; whereas, if the depositions were kept secret till offered upon the trial, such irrelevant and scandalous matter might then be suppressed and excluded. The argument drawn from the word "then" appears to have no force when this section is examined in connection with St. 1789, c. 20, § 30, of which it is a re-enactment. In that earlier statute the two clauses which are brought together in Rev. St. § 865, are separated from each other by other provisions, and the word "then" obviously does not relate back to the words "in court" as its antecedent. That the word "then" refers to the time of the trial is indisputable. In the original act the language is: "And if an appeal be had such testimony may be used on the trial of the same if it shall appear to the satisfaction of the court which shall try the appeal that the witnesses are then dead or gone out of the United States or to a greater distance than as aforesaid from the place where the court is sitting or that by reason of age, etc., they are unable to travel and appear at court, but not otherwise. And unless the same shall be made to appear on the trial of any cause with respect to witnesses whose depositions may have been taken therein, such depositions shall not be admitted or used in the cause." In the construction of the Revised Statutes of the United States the presumption is against an intention to change the meaning and construction of a statute re-enacted therein. The Revised Statutes purport to be, in general, a re-enactment of existing statutes. Section 5595. And, therefore, no change of meaning will be imputed to the change of phraseology, unless the language used in the revision indicates an intended departure from the meaning of the re-enacted statute; and section 5600 expressly repels any inference to be drawn from a different collocation of the parts of the old statutes in the revision. It is clear, I think, that on the point now in question, Rev. St. § 865, is to have the same construction as the 30th section of the act of 1789, and that

the word "then" in section 865 has no new or different meaning, and is not to be construed as relating back to the words "in court," as antecedent, but as referring to the time of the trial, which time is otherwise plainly referred to in the same clause in which the word "then" occurs.

While there is some uncertainty as to how the reasons for taking the deposition are to be made to appear, in case the magistrate taking the same delivers it personally into the court, I can not find either in the terms of this statute or the decisions or practice of the courts in relation to depositions taken de bene esse any such policy of keeping the same secret until the trial as is claimed on the part of the defendant. On the contrary, the rules of courts as well as the decisions assume that in respect to all depositions taken before the trial, the policy of the law is to have them opened and made accessible to the parties to the suit, in order that all formal questions in respect to the manner of taking may be disposed of before the trial. Thus, rule 113 of this court, adopted in 1838, provides that "depositions taken under commission, or otherwise, shall be forwarded to the clerk immediately after they are taken, and be filed on their return to the clerk's office, in term or vacation, etc. And all objections to the form and manner in which they were taken or returned shall be deemed waived, unless such objection shall be specified in writing in four days after the same are opened, unless further time shall be granted by the judge." Rule 114 provides "that in suits between individuals, either party may at any time after the commissions or depositions are deposited with the clerk, enter an order of course as of a special sessions, if in vacation, to open the same and deliver copies thereof;" and rule 115 provides "that in suits in which the United States are a party, such order may be entered on the written consent of the proctors or attorneys of the respective parties, or on motion to the court at a stated or special session." While the rules of court can not dispense with the requirements of the statutes, they may and often do furnish very satisfactory evidence of the practical construction which the courts have put on the statutes to which they refer, and these rules are clearly inconsistent with the supposition that, when they were framed and while they have been continued in force, this statute was regarded as forbidding the opening of depositions de bene esse, unless with consent of the parties, before they should be offered to be used upon the trial. Similar rules have been adopted in the district and circuit courts in other districts. And the same general policy is shown by the practice and the rules in the courts of the state of New York, and in the practice in regard to depositions taken in courts of equity. See, also, Shankwiker v. Reading [Case No. 12,704] Van Hook v. Pendleton [Id. 16,852]; Jasper v. Porter [Id. 7,229]; York Co. v. Central R. Co., 3 Wall. [70 U. S.] 113; Brooks v. Jenkins [Id.

1,953]. Nor does it seem that the peculiar character of the depositions taken under section 863 of the Revised Statutes, being in some cases, as the law originally stood, without notice, and at all times without power on the part of the magistrate to limit the subject of inquiry or to exclude any testimony from the record, affords any such strong grounds for withholding them from publication in the clerk's office prior to the trial, as to have been made the basis for a distinction in this respect between such depositions and depositions taken under commission. While it is possible that in some cases the power to take testimony may be abused for the purpose of publishing scandalous and irrelevant matter, yet on the other hand the power of either party to forbid the opening of the depositions until the trial may lead to abuses much worse, and to surprise and failure of justice on the trial. Thus, if this right has existed under the act of 1789, a party taking a deposition de bene esse, even without notice before the recent change of the statute requiring notice, might have kept this deposition secret till the trial, and then have used the testimony of a witness whom the other side had not seen, nor had an opportunity to cross-examine, and whose testimony he would have no opportunity, perhaps, to rebut. So, also, a party taking depositions, which have been sealed up and certified by a magistrate, might be prevented till the trial from ascertaining whether they were certified and returned in due form and would have no opportunity to have any mistake in that respect corrected or obviated by retaking the depositions. These and other inconveniences far outweigh the inconveniences and possible injury to be done by publication, and fully justify the practice which has been referred to and which is embodied in the rules. Upon the whole, I think the statute will be entirely satisfied by the depositions being opened in the presence of the parties or their attorneys, in open court.

Motion granted.