## *In re* THOMAS.

*(District Court, D. South Carolina. June 21, 1888.)*

1. **BANKRUPTCY—REFERENCE TO MASTER—REGISTER AS MASTER.**
   The issues arising on a petition to determine a question respecting assets claimed to be part of a bankrupt estate, may be referred to a register as special master, to take the testimony, and report his conclusions of law and fact thereon.

2. **DEPOSITIONS—RIGHT TO OPEN.**
   Depositions taken under order of a special master cannot be opened by him, though they are in his hands as clerk of the court.

3. **SAME—SEALING.**
   Under Rev. St. U. S. § 865, providing that depositions must be sealed and remain under seal until opened in court, a deposition not sealed will be suppressed; otherwise if it bear the seal of an express company across which are written the names of the commission.

4. **SAME—TIME OF TAKING.**
   Where it is stipulated that the parties shall close their testimony by a certain time, depositions taken before, but not those taken after, such time, are admissible on a subsequent hearing.

5. **REFERENCE—POWER TO SET ASIDE.**
   An order of reference in a case within the jurisdiction of the judge making it, cannot be held void by another judge before whom the case comes on special report of the referee.

In Bankruptcy.

*Mitchell & Smith,* for assignee.

*J. P. K. Bryan,* for W. M. Thomas.

SIMONTON, J. This case comes up on a special report of E. M. Seabrook, Esq., one of the registers of this court, as to certain questions arising during the conduct of references in a cause in bankruptcy on the equity side referred to him by an order of this court dated 29th October, 1884. The petition was filed for the purpose of determining some question respecting certain assets claimed to be a part of the bankrupt estate. The answer being in, the cause came before the Hon. G. S. BRYAN, district judge, on 29th April, 1884, who made this order: "On hearing the motion for an order of reference herein, notice of which has been duly given, and on motion of Mitchell & Smith, for petitioner Absalom Blythe, it is ordered that the issues arising upon the petition herein, and the answer of W. M. Thomas, the defendant, thereto, be referred to Register Seabrook, with instructions to take the testimony to be offered by the parties, and report his conclusions of law and fact upon said issues." Mr. Seabrook was not the register theretofore in charge of this case. This order having been made, no steps were taken under it until 23d August, 1886. On that day it was agreed between counsel that Mr. Bryan, on behalf of W. M. Thomas, should close his testimony on 1st October, 1886, and that Mr. Mitchell on behalf of the assignee, should close his testimony by 1st November, 1886. Oral testimony was taken on both sides. Testimony by depositions was also taken. These depositions were on due notice. The persons taking them were attended by coun-

sel of both parties, as well as by the witnesses. The packages containing the depositions were sent to the clerk of this court, according to law. Three of these depositions were taken before 1st November, 1886. One was taken during the present year. At a reference had recently, Mr. Mitchell proposed to open the depositions, and to read the testimony before Mr. Seabrook. Mr. Seabrook is also clerk of this court. The depositions were in his hands as clerk. This was objected to on the grounds following: (1) Because the order in this case is to the register to take the testimony, and that this testimony in the depositions is not in compliance with the order, and cannot be received by the register. (2) Because these depositions can only be opened in court, (the district court of the United States,) to whose clerk they are directed under the statute; and they cannot be opened by the register. (3) Because the depositions are not sealed up under the seal of the magistrates taking them, as appears on inspection, under which seals they must remain, under the statute, until opened in court. (4) Because the above depositions were not taken and offered in evidence within the time limited, as appears by the record. Mr. Seabrook reports these objections, with his rulings thereon, and they come up now for adjudication.

At the hearing, the counsel for the defendant took the further position that the order of reference was void in so far as it directed the register, Seabrook, to report his conclusions on the law and the facts, the register having no other function than that of oral examiner authorized to take the depositions of all such witnesses as should be brought before him. The questions thus raised are important in the practice of the court. As we have seen this is a proceeding in equity. The petition and its answer are treated as a bill and answer in equity. Hearing it, the court, on the pleadings, referred the case to Mr. Seabrook. This the judge did "by a right inherent in his office, not dependent upon any consent of the parties." 3 Greenl. Ev. § 330. The right is recognized in equity rule No. 74. The reference was to Mr. Seabrook as register of this court, not, however, the register at that time in charge of the bankrupt's petition and estate. As register only,—that is as a register possessing certain powers under the act of congress,—and in the exercise of such powers only, this proceeding in equity could not have been referred to him. The grave litigation involved was not within his jurisdiction as register. Manual of the United States Bankruptcy Law, 1867, pp. 36, 37, 38. Indeed, under the sixteenth clause of the act, when an issue of fact or of law arises before a register, and is contested, he loses jurisdiction of it, and the court alone can exercise it. Being thus before the court for decision in a course of proceeding in equity, the judge could either examine and decide it himself, upon testimony taken *ore tenus*, or upon testimony taken under his direction, or he could refer it. In selecting his referee his discretion was not limited. He could have named his clerk, or the clerk of the circuit court, or some member of the bar, or any one in whose opinion he had confidence. He chose to refer it to one of his registers, whose ability, experience, and freedom from bias was well known to the court, and peculiarly fitted him "to assist the judge

in the performance of his duty." The reference, therefore, was not to the register as register, but to Mr. Seabrook, filling *pro hac* the place of a master. It decided no question in dispute. It compromised or prejudiced no right. It was simply for the information of the court, for the assistance of the court in formulating and presenting the evidence in the cause, and the points of law arising therefrom. The conclusions of the master do not bind the court on any question of law or of fact. The reference was but "an ordinary step in the cause." Adams, Eq. 379. This being so, no part of this order is void. Mr. Adams, in his work on Equity, speaking on this subject, says:

"When the master has disposed of all objections, and has come to a conclusion on the matters referred, he settles and signs his report, and such report is then filed. The ordinary mode of framing a report is to refer separately to each of the directions in the decree, and then, with respect to each direction, first to mention on what evidence the master has proceeded, and then to state the conclusion to which he has arrived. In stating his conclusion he should so far detail the facts which warrant it as to enable the court to judge of its correctness. It is frequently though not always necessary that he should also state the reasons which have induced his decision. But he must not omit the conclusion itself, or state evidence or circumstances which are presumptive evidence, without finding whether they amount to satisfactory proof."

Nor is this practice varied by the rules in equity. Rule 83 provides for filing exceptions to a master's report. Exceptions to what? If the master be but an oral examiner, as in rule 67, all that he must do is to report all testimony offered before him, and all the exceptions thereto at the time of taking it, without any ruling of his own. To give place to exceptions to a report there must be findings in the report. So, also, if the report be not excepted to within 30 days, it will be confirmed. What will be confirmed? What can be confirmed but its conclusions? But it may be said that these are only conclusions of fact; that the master can find no conclusions of law. The authority quoted makes no such distinction, nor can any reason be assigned for it. The purpose of the reference is not to decide the cause, nor does it go to another tribunal. It puts it for a time in the hands of the master, "a branch of the court," bound implicitly to obey its instructions. Adams, Eq. 672. Even if my conclusion did not coincide with that of the learned magistrate who made the order, I could not hold void this order made by him in a case within his jurisdiction. His orders are the law of this court, and they can only be set aside by a court authorized to reverse its decrees. But he is sustained by the uniform practice of the courts of equity in South Carolina as they existed before 1868, courts which followed implicitly the practice of Westminster Hall. Mr. Seabrook will carry out the existing order of the court when he frames his report thereon.

We come now to the exceptions reported by the special master. The first objection is not well taken. As we have seen, Mr. Seabrook is acting as a special master. Under equity rule 77 he can not only examine *viva voce* the witnesses produced before him, but he can order "the examination of other witnesses to be taken under a commission, * * * or by deposition in the case, under the act of congress. The second objec-

tion is that Mr. Seabrook cannot open the depositions. This cannot be done except by the court. This is well taken. The court is always open for purposes like this. Application can be made, heard, and acted upon at any time by the court. The third objection is as to the packages in which the depositions came. Two of them are in gummed envelopes, and are not under the seal of the magistrate taking them. Every formality must be complied with in the taking and transmitting these depositions. One essential requirement is that when transmitted to the court "it must be sealed up, * * * and remain under his seal until 'opened in court." Section 865, Rev. St. Two are not so sealed. They must be suppressed. One is sealed with the impress of the seal of the Adams Express Company, and across it is written the name of the commissioner. A person may adopt any seal as his own, or anything in place of a seal. A wafer, scroll, sometimes even a flourish, have been so adopted and recognized. This deposition cannot be suppressed, for the reason stated. The fourth objection is that the depositions were not introduced in evidence within the time limited. Three of the depositions were taken and returned before November, 1886. They were taken after notice, in the presence of the attorneys. Those so taken were by Mr. Mitchell, and after the time within which Mr. Bryan could introduce testimony had expired. The stipulation was that the parties should close,— that is, should not put in any other evidence after the time limited. That the testimony was heard after that day does not violate the stipulation. It was within the time. No deposition taken after that time can be admitted. One deposition was taken during this present year, and is excluded. The course pursued by Mr. Seabrook in thus bringing before the court, pending a reference, questions which impede its progress, is approved. The court will always be open for the discussion and decision of these questions "by the way." The practice met the sanction of Judge STORY in *Gass* v. *Stinson,* 2 Sum. 606, and commends itself. The case is recommitted to Mr. Seabrook for action under the order of reference. The case has consumed much time. Let the report be filed at as early a day as is practicable.