STEWART *et al. v.* TOWNSEND.

*(Circuit Court, D. South Carolina.* January 21, 1890.)

1. DEPOSITIONS—INDORSEMENT ON ENVELOPE—WAIVER OF IRREGULARITIES BY STIPULATION.
    The envelope containing a deposition was sealed with seals bearing the notary's stamp, but not his signature, was not indorsed with the name of the cause, and the only indication that it was mailed by the notary was a request to return to him if not called for. It was directed to the justice of the circuit court, and was opened on its receipt. *Held,* that any irregularities were waived by a consent to the publication and opening, "without prejudice to any objections to the inclosed deposition other than relating to publication and opening, which is hereby waived."
2. SAME—CERTIFICATE—INTEREST OF NOTARY.
    Where the notary certifies that he is not attorney for either party, omission to certify that he is not interested in the event of suit is not sufficient cause to suppress the deposition, especially where it appears that, by consent, the testimony was taken in short-hand by a disinterested person.
3. SAME—FAILURE TO ATTACH NOTICE.
    Where a deposition is taken after full notice of time, place, and person, it is not necessary to attach the notice under which it was taken.
4. SAME—RETENTION BY NOTARY UNTIL MAILED.
    It is not necessary that the certificate of the notary should state that he retained the deposition until it was mailed.
5. CONTINUANCE—ABSENCE OF WITNESSES.
    In an action for ice sold, continuance will not be granted for absence of the masters of the vessels which brought it, who are said to be material witnesses as to its quantity and quality, where the affidavit shows search in several ports, but does not indicate when and where they will be heard from again, especially as the mate, and not the master, usually inspects the cargo.
6. PLEADING—AMENDMENT.
    Leave to amend by striking out an admission of partnership between plaintiffs, and inserting that defendant has no information on which to form a belief on that point, will not be granted where defendant has been required to answer under terms.

At Law.
*Buist & Buist* and *John Wingate,* for plaintiffs.
*Lord & Hyde* and *G. W. McCormack,* for defendant.

ON MOTION TO SUPPRESS DEPOSITION.

SIMONTON, J. On 18th December, 1889, the attorneys for plaintiffs gave notice to the defendant's attorneys of their purpose to examine before a notary, at Bangor, Me., certain witnesses residing more than 100 miles from the place of trial, to-wit, at Bangor. The acceptance of service of this notice was given by defendant's attorney on said 18th Decem-

ber.    On 4th January, 1890, a package was received by mail, addressed to the "Honorable Justice of the Circuit Court, Fourth Circuit, District of South Carolina, Charleston, S. C., U. S. A." It was sealed with three seals, and had indorsed on it in writing, "If not called for in ten days, return to Charles D. Crosby, Notary Public, Bangor, Maine," but nothing else appeared on the package showing that it belonged to any case in this court.    Upon its receipt in the daily mail of the court the cover of the package was opened by one of the judges of the court.    As soon as the opening of the package disclosed what appeared to be a deposition, it was at once closed, and placed in the custody of the clerk, with notice of its character.    The attorneys for plaintiffs and defendant were sent for on the same day, and the state of facts made known to them. The plaintiffs' attorneys on 4th January, 1890, gave a four-days notice in writing to the defendant's attorneys of a motion to open and publish this deposition, and for greater certainty, it is supposed, this notice contained in full the notice on which the deposition was taken.    On 8th January, the day on which the motion was fixed for a hearing, the defendant's attorneys, with the plaintiffs' attorneys, entered into this stipulation, on the back of the notice, to open and publish:

"The United States of America.    We consent to the publication and opening of the depositions within referred to, without prejudice to any objections to the inclosed deposition other than relating to publication and opening, which is hereby waived."

Very shortly after this the defendant changed his attorneys.    The change was made on the record.    Motion is now made to suppress this deposition.    There are seven grounds stated:    (1) That the said deposition did not remain under seal until opened in court, but was opened out of court, previous to January 8, 1890.    Depositions can be opened out of court, on motion of one party, against the objection of the other party. U. S. v. Tilden, 10 Ben. 170.    This exception, however, must refer to the opening of the envelope by the judge.    (2) That the envelope containing said deposition was not indorsed with the name of the cause in which it was taken.    (3) That there was no indorsement upon said envelope of the mailing of the package containing said deposition.    It must be supposed that this means the mailing of the package by the notary public in person.    The package itself showed that it was mailed, and that it was mailed at the instance of the notary public,—"If not called for," etc.    (4) That the package containing said deposition was not properly sealed by said notary public, and there is no signature of the notary across the seals.    The three seals, however, bear the notarial stamp of the notary.    The first exception was caused by the irregularities complained of in the second, third, and fourth exceptions.    Whatever weight they may have been entitled to, (and the first three are grave,) the stipulation signed by the attorneys on each side on 8th January seem to have waived them.    That stipulation consents to the opening and publication of the deposition without qualification, except "without prejudice to any objection to the inclosed deposition;" that is to say, "We consent to the removal of the inclosing envelope, and the withdrawal of the manuscript

within, without prejudice, however, to any objection to the inclosed deposition,"—that is, the manuscript within. And this is emphasized by adding, "other than that relating to the publication and opening, which is hereby waived." The stipulation is not in the most artistic style, but it means this or nothing: "We waive all objection to the package. Let it be opened, and its contents published. We do not waive any objection which the depositions, after they are opened and published, disclose. These first four exceptions relate to the package, the outer cover of the deposition, and are waived."

Let us examine the three others: (5) That in the certificate of the notary public, taking and returning the deposition, there is no statement that the said notary public was not interested in the event of the suit. The certificate of the notary is in these words: "I also certify that I am not of counsel or attorney for either of the parties to the cause;" and omits the words, "that I am not interested in the event of the suit." In *Miller* v. *Young* and *Peyton* v. *Veitch*, two cases in 2 Cranch, C. C. 53, 123, this is held to be no necessary part of the certificate. In *Coal Co.* v. *Maxwell*, 20 Fed. Rep. 187, the commissioner failed to state "that he was not of counsel or attorney for either of the parties, and that he was not interested in the event of the case." Judge BREWER held that it must appear affirmatively on the face of the certificate that the officer taking the deposition was disinterested. When we examine the certificate we find that, by consent, the testimony in this case was taken in short-hand, and then engrossed on a type-writer. The notary certifies that he employed a disinterested person to do this, under his direction. The certificate also shows that the witnesses were examined by an attorney for plaintiffs. Here, then, we have a commissioner not connected with the case as attorney for either party; a clerk employed by consent to do the important part of his work, taking down the testimony, who is certified to be wholly disinterested in the case; and the questions propounded by a third person. If the deposition be rejected, we would indeed cling to the letter. It is true that this mode of taking testimony is in derogation to the common law, and the statute must be strictly complied with. *Bell* v. *Morrison*, 1 Pet. 351. But it seems to me that, on the whole, this certificate on this point is sufficient. (6) That the notice under which the said deposition was taken is not annexed to the said deposition, return, and certificate of the said notary. I know no rule prescribing this in cases in which the testimony of witnesses is taken, after full notice of time, place, and person. At the utmost, it may be needed to identify the deposition. This has been fully met by the stipulation indorsed upon and referring to a notice containing all the words of the original notice for taking the deposition. (7) That the certificate of said notary does not state that said deposition was retained in his hands until mailed. This could not appear in the certificate sealed up in the commission, for it would certify as to something occurring after the package was sealed. It would be an excellent practice if the commissioner would certify something to this effect on the package just before the instant of mailing. But I see nothing in section 865, Rev. St., re-

quiring it. The exceptions are overruled, and the motion to suppress refused.

Defendant on the same day moved for a continuance.

### ON MOTION FOR CONTINUANCE.

Defendant moves for a continuance on the ground of the absence of material witnesses, whose names and whose testimony he discloses. It seems that the action is for certain ice sold by plaintiffs to defendant. His defense is failure of consideration in the quantity and quality of the ice. The two witnesses are masters of vessels which brought the ice. The affidavit states efforts made by defendant to find them in several ports, and his failure to hear of them. No sort of prospect is held out when and where they will be heard of again. Continuance on this ground would make indefinite postponement. Besides this, masters of vessels seldom are called upon to inspect cargo minutely. It is not delivered under their supervision, as a general rule. The mates do this. If anybody knows the defects of the cargo, defendant does. He is a man of character, and a competent witness. He must know who of his employes handled the ice. They know it better than any mariner who saw it only in its passage to and from the vessel. Motion refused.

Defendant, failing in his motion for continuance, asked leave to amend.

### ON MOTION FOR LEAVE TO AMEND.

The defendant, upon affidavit, moves to amend his answer in two respects. In the answer now on file he admits the copartnership between the plaintiffs set forth in the first paragraph of the complaint. He asks leave to amend by striking out this admission, and by inserting that he has no information on which to form a belief on this point. When this case was before this court in Columbia, it appeared that on the last day for answering the defendant gave notice for security for costs, and, appearing on the day upon which plaintiffs had given notice they would ask judgment by default, he resisted the judgment on that ground. The plaintiffs at once offered to put in security, and have done so. Rules of court are intended to expedite business, and the business of courts is to terminate litigation. The provisions of the rules cannot be wrested into means of delay. The defendant was required to file his answer, and, not being prepared to do so, was put on terms. It was agreed that the case should be brought for trial on the first Monday in January, at Charleston, the defendant to answer within seven days. This he did, and the answer in question is the one it is desired to amend. If the defendant had alleged that since answering he had discovered that no partnership existed between plaintiffs as is alleged, I might listen to the amendment. But when it is made so apparent that the amendment is to secure delay and by a party on terms, it must be and is refused. In the original answer it is stated that plaintiffs in the contract sued upon had so conducted themselves as to damage the defendant to the extent of $2,500. He now proposes to put this into the shape of a counter-claim. It is allowed. Let the amendment be made forthwith.