EIFFERT *et al. v.* CRAPS *et al.*

*(Circuit Court, D. South Carolina.* November 7, 1890.)

DEPOSITION—SUPPRESSION
  A commission to take testimony duly issued and executed under Eq. Rule 67 will not be suppressed because, when received by the clerk, the envelope containing the testimony was open at one end, presenting the appearance of having been worn in the mail, the clerk having noted the facts on the package and filed it, since which time it has remained undisturbed in his office.

At Law.  Motion to suppress a commission.
*E. W. Hughes,* for the motion.
*B. A. Hagood, contra.*

SIMONTON, J.  A commission was duly issued in this case directed to certain persons in Wytheville, Va.  On the 29th September last, a package was received by the clerk of this court through the mail, bearing the name of this cause, with the names of the commissioners and their seals across the flap of the envelope.  Upon the package is the certificate of one of the commissioners that he deposited it in the mail at Wytheville, Va., on 27th September, 1890.  It reached Charleston on 29th September, 1890, and one end of the envelope was open, presenting the appearance of having been worn in the mail, the opposite corner of the envelope presenting the same appearance.  On its receipt, the clerk indorsed on the package this fact, filed it, and it has been undisturbed in his office.  This commission was issued under the authority of Eq. Rule 67, and is in accordance with the well-established rule of the court of chancery.  The commissioners did their duty in all respects as to the certification and mailing of the package.  There is no reason to suspect that the contents of the package were seen by any one.  I am satisfied that the abrasion of the envelope occurred in the transmission in mail-bags.  No special provision is made respecting the transmission or custody of commissions in the equity rules except in rule 69, which provides for the publication of all the testimony.  Our own rule 65 says that, when a commission is returned, it may be opened by leave of the clerk, upon consent of parties, in writing, indorsed on the commission. The rule which applies to depositions requiring rigid observance of every formality does not apply to commissions.  In the natural course of things, without fault of the party taking out the commission or of the commissioners, the abrasion has occurred.  It would be going very far to deprive the plaintiff of his testimony for this abrasion.  The motion is refused.  The parties can, if they choose, open the commission, and publish the contents of it; or, if they do not desire it, the clerk will seal it in an unbroken package with his own seal.