## T. VIDAL & CO. v. BEATTY BROKERAGE CO.

Circuit Court of Appeals, First Circuit.
February 9, 1929.

No. 2233.

Leopoldo Feliu, of San Juan, Porto Rico, for plaintiff in error.

Harry F. Besosa and Besosa & Besosa, all of San Juan, Porto Rico, for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is a writ of error to the District Court of the United States for the District of Porto Rico, to review a judgment of that court entered in favor of the defendant in error upon a verdict of a jury for the sum of $2,255.10, with interest at 6 per cent. per annum on $5,632 from June 23, 1926, when the complaint was originally filed, to September 27, 1926, on which date defendant in error received $3,376.90 and interest at the same rate on $2,255.10 from September 27, 1926, and costs.

This action concerned a contract for the sale and delivery of 800 bags of rice, at $6.45 per bag. The contract of sale with the partnership of T. Vidal & Co. was made January 29, 1926, in San Juan, Porto Rico, by a representative of the Beatty Brokerage Company, another partnership.

The Beatty Brokerage Company bought the rice of the Noble Trotter Rice Milling Company, Inc., in Lake Charles, La., and or-

dered it shipped to T. Vidal & Co. at San Juan, Porto Rico. For convenience the parties will be designated as in the court below.

Eight hundred eighty (880) bags of rice were shipped, with a bill of lading to which a draft was attached for the amount of the purchase price. The rice arrived at San Juan about the middle of February, 1926, and the defendants were notified of its arrival. They sent a party to inspect it, and refused to accept delivery because they claimed it had "turned." The quality of the rice was indicated by number, 497, and that was the number of the rice which had been shipped.

After considerable delay the draft was protested, and at the time of the protest the defendants first assigned as a reason why the shipment was not accepted that they had made a contract with the plaintiffs, and did not recognize any shipment made by the milling company.

In July, 1926, the rice was sold at public auction by order of the court for $4.30 per bag, and the sale netted, after payment of expenses of sale, $3,376.90. This sum of money was deposited with the clerk of the District Court, but by agreement of both parties was paid to the plaintiffs.

A member of the defendant firm testified that, when the contract of sale was made, no one stated that the rice was to be shipped by the Noble Trotter Rice Milling Company, that he supposed he was dealing only with the Beatty Brokerage Company, and that the draft was not paid because he expected a shipment of rice from that company. When he received notice from the steamship company upon its arrival at San Juan he sent an employee of his firm to the dock to take samples.

Over the objection of the defendants several depositions were admitted in evidence, which had been taken in Louisiana; the deponents being connected with the milling company. These were depositions de bene esse taken under sections 863–865, Revised Statutes (28 USCA §§ 639–641).

Rule 27 of the United States District Court of Porto Rico is as follows:

"Upon the return of depositions, the clerk shall open and file them forthwith in his office giving notice thereof, by mail, to the counsel for the respective parties. All motions to suppress any objections to the form and manner in which depositions are taken or returned will be waived unless such exceptions are in writing and filed with the clerk of this court within ten days after the mailing of the notice of the opening of such depositions and before the trial of the case begins."

The clerk of the District Court, upon July 11, 1927, notified the attorney of the defendants that the depositions had been received and opened and filed in his office on that day.

The trial occurred July 21, 1927, and at this time the attorney for the defendants moved to suppress these depositions, but the court held that under the rule above stated all objections to "form and manner" of taking them had been waived as no written objections had been filed before trial, and the motion was denied.

The principal ground relied upon in support of the motion to suppress was that the seal of the notary who took the depositions was broken, and the package containing them opened by the clerk in accordance with the rule hereinbefore stated, whereas section 641, 28 USCA, provides that the depositions shall remain under the notary's seal "until opened in court." They were in the possession of the District Court when opened by its clerk, and the respective attorneys were notified at once, so that, if they so desired, they might file written objections to "form and manner" of taking the depositions. The rule is a reasonable one, and does not conflict with the statute, and there was no error in denying the motion to suppress the depositions. See Louis Werner Stave Co. v. Marden, etc. (C. C. A. 2d Circuit) 280 F. 601, for a full discussion of the phrase "until opened in court."

The depositions were afterwards read in evidence over the objection of the defendants. We have read them, and find that the evidence is simply cumulative, and that it contains nothing that was not covered by the testimony of J. Gonzalez Torres, a broker and general manager of Roses & Co., Sucrs., who acted as agents for the plaintiffs in making the contract of sale. In substance they show the purchase of the rice by the Beatty Brokerage Company of the Noble Trotter Rice Milling Company, Inc., and its shipment on the account of the former to T. Vidal & Co., and also its quality.

The representative of the local selling agent of the plaintiffs testified that he informed the defendants that the draft of the Milling Company was for account of the Beatty Brokerage Company to cover rice No. 497; that the repeated complaints of the defendants after the arrival of the rice in February up to the time of the protest of the draft in June were that the rice was different from sample; and that it was not until June,

when the draft was protested, that the defendants for the first time stated that they would not pay the draft because they had not purchased any merchandise from the milling company.

No evidence was introduced to show that the rice shipped was different from sample, and the whole defense was placed by the defendants upon the shipment to them by another party than the plaintiffs, and the introduction of the depositions.

We are convinced from an examination of the record that the defendants knew that the rice tendered to them was that which they had purchased through the plaintiffs, and that the real reason why they did not accept the rice or pay the draft was that rice declined rapidly in value after January, 1926, when the contract of purchase was made.

It was also contended that the amount tendered—880 bags—was 80 more than it had purchased, but the contract provided that the sale should be made under the rules and regulations of the Chamber of Commerce of San Juan and the Rice Millers' Association, and these provide that in the shipment of rice a difference of 10 per cent. may be allowed.

[2] The charge of the presiding justice does not appear in the record, and, as no exceptions were taken to the same, it is to be assumed that the law was correctly stated, notwithstanding the claim of counsel that some of the requested instructions were not given. We cannot tell whether these were substantially covered by the charge, or not, as it is not before us.

The judgment of the District Court is affirmed, with costs to the defendant in error in this court.